RECEIVED
OCT 15 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

JERRY FLETCHER #583831　　　　　　　DOCKET NO. 14-CV-1659; SEC. P

VERSUS　　　　　　　　　　　　　　　JUDGE DEE D. DRELL

ANGELA WATKINS　　　　　　　　　　　MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jerry Fletcher, filed pro se and *in forma pauperis*. Plaintiff is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He names as the defendant Angela Watkins, his neighbor in Colfax, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Plaintiff's Allegations*

Plaintiff has an ongoing feud with his neighbor in Colfax, Louisiana, Ms. Angela Watkins. Ultimately, Plaintiff was arrested following an altercation with the neighbor. He asks that the neighbor be arrested and psychologically evaluated.

### *Law and Analysis*

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The plaintiff may satisfy the

"under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State," which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  Ms. Angela Watkins cannot be liable under §1983 because she is not a state actor.

Additionally, there is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir.1990).  The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

In short, to the extent that Plaintiff's complaint purports to arise under the provisions of 42 U.S.C. §1983, it is frivolous.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of October, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE